## Case No. 6,026.

### In re HANNA.

[4 Ben. 469;[1] 4 N. B. R. 411 (Quarto, 139); 5 N. B. R. 292.]

District Court, S. D. New York.   Jan., 1871.

#### MORTGAGE—SPECIAL CUSTODIAN.

Where, in a bankruptcy proceeding, an injunction was issued staying the proceedings in a foreclosure suit brought to foreclose a mortgage given by the bankrupt on certain real estate, and the mortgagees applied to the court. on petition, to set aside the stay, in order that the property might be sold under the decree in the foreclosure suit: *Held*, that the register in charge would be appointed special custodian of the property, to sell the same, and receive the proceeds subject to the order of the court, the deed to be given by the register to convey the title free from the lien of the mortgage.

[Cited in Davis v. Anderson, Case No. 3,623.]

In this case, which was a proceeding in involuntary bankruptcy, an injunction had been issued staying the proceedings in a foreclosure suit brought by the firm of A. T. Stewart & Co., to foreclose a mortgage upon real estate given by the bankrupt [Samuel Hanna]. A decree had been made in the foreclosure suit, and the property was advertised for sale when the injunction was issued.   The mortgagees applied to the court, on petition, setting up that the mortgage was given bona fide, and that they proposed to maintain the validity thereof as against any assignee, alleging, also, that the property would be deteriorated greatly in value, unless the property was speedily sold, and praying that the injunction might be set aside, so as to allow them to proceed with the sale.

F. N. Bangs, for A. T. Stewart & Co.

M. A. Kursheedt, for petitioning creditors.

BLATCHFORD, District Judge.   An order will be entered appointing the register in charge of this case to be special custodian of the property advertised for sale under the mortgage to A. T. Stewart & Co., and directing him to sell the same under general orders 19 and 21, and rule 11 of this court, with such other advertisement of sale as shall seem to him proper, and to receive the proceeds of such sale and pay them into this court, they then to be deposited in the United States Trust Company, on interest, to the credit of these proceedings, as a separate fund, subject to the further order of this court.   The deed to be given by the register to the purchaser will convey a title under the order of this court, free from the lien of the mortgage of September 30th, 1869, in pursuance of the provisions of section 20 of the act [of 1867 (14 Stat. 526)], and the sale will be made free from such lien.   The order will recite the application by A. T. Stewart & Co., and will direct that the lien of the mortgage be transferred from the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

property to be sold to its said proceeds.   If it shall be thought desirable, in order to obtain a better price for the property, the injunction may be so far modified that the sale may take place also under the judgment, and the referee may unite in the deed.   An order will be settled, on notice, to carry out these provisions.

[In case No. 6,027, A. T. Stewart & Co. claimed to have their estimate of indebtedness under the value of real estate covered by their mortgage included in the amount on which they were entitled to vote for assignee.   The claim was not allowed.]